J. H. RUTLEDGE v. STATE.

No. A-5070. Opinion Filed Dec. 5, 1925.
(241 Pac. 351.)

Mathers & Coakley, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. J. H. Rutledge, plaintiff in error, defendant in the trial court, was charged and convicted for the offense of assault with intent to kill his son-in-law, W. J. Berryhill, with his punishment fixed at confinement in the state penitentiary for a term of one year and a day.

The Attorney General has confessed error in this case, and only that assignment of error upon which the confession is based will be considered.

The defendant and his sons, Jess Rutledge and Lloyd Rutledge, and W. J. Berryhill, the person assaulted, resided in the southeastern part of the city of Ardmore. Berryhill lived just across the street from Jess Rutledge, and the defendant lived on the same side of the street, about 100 yards away. This difficulty grew out of a family quarrel, and, among other things involved, was an anonymous letter purporting to be from the Ku Klux Klan. Without reciting the details leading up to the difficulty or what took place immediately before and at the time of the assault, it appears that Lloyd Rutledge, 12 year old son of the defendant, was present and saw at least a portion of the difficulty.

This boy, Lloyd Rutledge, was offered as a witness on behalf of the defendant. The state objected to his competency as a witness, and this objection was by the court sustained, upon the ground that he did not properly comprehend the import and obligations of an oath.

It appears from the examination touching the qualifi-

cations of the witness that he was 12 years of age; that he attended school and was then in the fourth grade; that he promised to tell the truth concerning the matters he was about to relate; that he knew that it was wrong to tell a lie, but did not know what would happen to him if he told one, except that he knew that "at school they whip us." He did not know what the court would do in the event he testified falsely there.

The competency of witnesses in this state is, in part at least, a matter governed by statute. Section 589, Comp. Stat. 1921, in naming those who shall be incompetent to testify, provides among others:

"Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

It would seem that the converse of this statutory rule would be that children over the age of 10 years are presumed to be competent, unless the contrary is made to appear.

In the case of Walker v. State, 12 Okla. Cr. 179, 153 P. 209, this court held, in effect, that there is no precise age fixed at which children are excluded from giving evidence, and that intelligence and not age is the real test of competency; that the lack of a full understanding of the nature of an oath and the import and consequences of testifying falsely will not of itself disqualify the witness, if the witness knows the difference between right and wrong, and realizes that punishment of some nature will follow if he testifies falsely.

The impressiveness of an oath has lost much of its solemnity, due largely to modern statutes and regulations requiring an oath to all manner of transactions. Many persons possessed of a high order of intelligence could not give a technical or exact definition of the obligation of an oath

and its import, and the ability to give an exact definition is not a test of the competency of a witness. The ability truthfully and intelligently to relate the incidents within the knowledge of the witness is much more essential. 28 R. C. L. and cases cited.

The record here shows that this boy's answers to the questions propounded to him were simple and direct, responsive to the questions asked, that it appeared that he knew the difference between right and wrong, and that he was possessed of the average intelligence of boys of his age. Under these circumstances we think the defendant was entitled to have the testimony of this witness introduced in his behalf.

The confession of error of the Attorney General is sustained, and the cause reversed and remanded.

DOYLE and EDWARDS, JJ., concur.